IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARIVEL M. MENDEZ, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-08-73 |
| | § | |
| BROOKS COUNTY, TEXAS and ENOLA GARZA, in her individual capacity, | § § § | |
| | § | |
|    Defendants. | § | |

**ORDER**

Pending before the Court is Defendants' Motion to Transfer Case to Corpus Christi Division. Dkt. No. 7. Plaintiff has responded (Dkt. No. 11) and Defendants have replied (Dkt. No. 12). Having considered the motion, replies, and relevant law, the Court finds that the motion should be GRANTED.

**Background**

Plaintiff filed suit in this Court alleging that Brooks County, Texas, her employer, and Enola Garza, her supervisor, fired her from a job at the county library in retaliation for supporting a co-worker at a hearing to determine whether the co-worker had been justly fired. These events occurred in Falfurrias, Texas, a town about eighty miles southwest of Corpus Christi and about 150 miles southwest of Victoria.[1] Falfurrias is in Brooks County, which is one of the counties comprising the Corpus Christi Division of the Southern District of Texas.

---

[1] These figures were obtained using the driving directions feature at Google Maps. *See* http://maps.google.com.

**Standard**

Section 1404(a) permits the Court to transfer a case from one district or division to another "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). The Court must decide a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness." *Id.* at 829 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under section 1404(a), the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer. *See In re: Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The Court's determination of convenience hinges on several private and public interest factors, none of which are determinative of the issue. *Id.* Those factors are divided into public concerns and private concerns.

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

**Analysis**

Most of the public factors listed above appear to be neutral in this case. Neither party has

raised the issue of administrative difficulties and the law applied will be the same. However, since the events giving rise to this suit occurred in Brooks County and Brooks County is a defendant, the local interest in having the case adjudicated there favors transfer to Corpus Christi.

As to the private factors, the basic argument between the parties, as the Court understands it, is as follows. Defendants point out that the witnesses, attorneys, and evidence are all either in or near the Corpus Christi Division. Plaintiff argues that there will be little inconvenience because discovery and other pre-trial proceedings do not depend on the case being in Victoria or Corpus Christi. Only at the time for trial would there be any additional difficulty.

However, Plaintiff does not argue that there is *any* connection between this suit and the Victoria Division. With nothing tying this case to the Victoria Division, the presence of witnesses, parties, and evidence in the Corpus Christi Division means that the balance weighs substantially in favor of transfer.

## Conclusion

For the reasons stated herein, Defendants' Motion to Transfer Venue (Dkt. No. 7) is GRANTED. This case is hereby TRANSFERRED to the Corpus Christi Division.

It is so ORDERED.

Signed this 18th day of December, 2008.

```
                        JOHN D. RAINEY
                        UNITED STATES DISTRICT JUDGE
```